UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KHAN KUDO, Individually and on
Behalf of All Other Persons Similarly Situated,

      Plaintiffs,

          -against-

PANDA RESTAURANT GROUP, INC., and
PANDA EXPRESS, INC.,

      Defendants.
-----------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

09 CIV. 0712

JUDGE SEIBEL

## COMPLAINT

The Plaintiff, Khan Kudo, individually and on behalf of all others similarly situated, by counsel, and for their Complaint, respectfully state as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendants for all of the time that they worked and were not compensated at all and/or overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §201 *et seq*.

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for all of the time that they worked and were not compensated at all and/or overtime work for which they

did not receive overtime premium pay as required by the New York Labor Law and the supporting New York State Department of Labor regulations.

3    The named Plaintiff has commenced this action seeking for himself, and on behalf of all similarly situated employees, the compensation, including overtime compensation, which they were wrongfully deprived, plus interest, damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs pendent state law claims pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff'S claims occurred in this district. Venue is also proper in this Court under 28 U.S.C. §1391(c) because Defendant corporations are deemed to reside in this judicial district where Defendant corporations have owned, operated, managed, and maintained a restaurant where the named Plaintiff was employed and is subject to personal jurisdiction.

6.    The statute of limitations under the FLSA for willful violations is 3 years. See, 29 U.S.C. §255(a).

7.    The statute of limitations under the New York Labor Law is 6 years. See, New York Labor Law §198(3).

## PARTIES

8.    Plaintiff, Khan Kudo, resides in County of Orange, State of New York, and is employed by the Defendants as the General Manager of the Panda Express

restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, and Plaintiff Kudo has been so employed for the last 10 years.

9. Upon information and belief, Defendant, Panda Restaurant Group, Inc., is a foreign corporation doing business within the State of New York with principal executive offices located at 1683 Walnut Grove Avenue, Rosemead, California, 91770 and registered agent located at CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

10. Upon information and belief, Defendant, Panda Express, Inc., is a foreign corporation doing business within the State of New York with principal executive offices located at 1683 Walnut Grove Avenue, Rosemead, California, 91770 and registered agent located at CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

11. Upon information and belief, Defendant, Panda Restaurant Group, Inc., directs the operations and decision-making of Defendant, Panda Express, Inc., and also maintains the interrelationship of operations, centralized control of labor relations, common management and/or common ownership and financial control with and over Panda Express, Inc. All of the named Defendants actively participated in committing the acts alleged herein.

12. Upon information and belief, at all relevant times herein, Defendants owned, operated, managed and/or maintained approximately more than one-thousand one-hundred (1100) restaurants in the United States of America including, but not limited to, the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York.

13. Upon information and belief, at all relevant times herein, Defendants owned, operated, and/or managed approximately six (6) restaurants in the State of New York including, but not limited to, the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York.

14. At all relevant times herein, Defendants employed Plaintiff, Kudo, at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. §207, Plaintiff Kudo seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since January 26, 2006 to the entry of judgment in this case (the "Collective Action Period"), with the title of General Manager, and misclassified as "exempt", but were actually "non-exempt" employees within the meaning of the FLSA, and who were not compensated at all as well as for overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek (the "Collective Action Members").

16. This collective action is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 1100 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims and are fearful of retaliation.

17. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

18. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collection action.

## CLASS ALLEGATIONS

19. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants in the State of New York at any time since January 26, 2003, to the entry of judgment in this case (the "Class Period"), with the title of General Manager, and mislabeled as "exempt" but were actually "non-exempt" employees within the meaning of the New York Labor Law, and have not been paid for all of the time that they actually worked but were not compensated at all and/or overtime wages in violation of the New York Labor Law (the "Class").

21. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately six (6) number of stores from 2003 to present, with unknown members of Class during the Class Period.

22. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants

23. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24. Plaintiff is committed to pursuing this action and has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

25. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members to the Class.

## FACTUAL BACKROUND

26. Upon information and belief, during the collective action and class periods, Defendants classified all General Managers, including the Plaintiff Kudo, as exempt.

27. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo was employed by the Defendants as General Manager routinely expected to, and in fact did, work in excess of 40 hours per week, but was not compensated for the time worked in excess of 40 hours of week as he was misclassified as "exempt". In this regard, Plaintiff Kudo was expected to, in fact did, work at least 50 hours per week.

28. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo spent at least 80 percent of his working hours performing non-managerial activities, including but not limited to, preparing food, taking and filling

customers' orders, taking inventory, receiving customers' money in payment for their food and making appropriate change, removing trash, and cleaning. Such work encompassed Plaintiff Kudo's primary duties.

29. During the collective action and class periods, and at all relevant times herein, Defendants acted as overarching remote micro-managers and made the vast majority of day- to-day decisions at its restaurant locations.

30. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo was permitted little to no discretion in his duties because Defendants' manuals and/or the area and multi-unit managers' directives controlled virtually every aspect of the restaurant's day-to-day operations, including but not limited to, the days and hours of store operations; power to change store hours; close for bad weather; the number of key sets for each store; who may possess the key sets; store layouts; changes to the store layout; selection, presentation, and pricing of merchandise; promotions; payroll budgets; recruiting, hiring and staffing levels; salary levels; employee schedules; employee discipline and termination.

31. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo was required to work predetermined and pre-approved hours requiring prior submission to the Defendants' area and multi-unit managers.

32. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo had little freedom from direct supervision and was subject to Defendants' corporate management, area and multi-unit manager oversight, and fixed payroll budgets leaving Plaintiff Kudo little choice in how to manage the restaurant and with the primary duty of performing non-managerial tasks

33. During the collective action and class periods, and at all relevant times herein, Plaintiff Kudo was required to, and in fact did, attend off-site training sessions for which he was not paid.

34. During the collective action and class periods, and at all relevant times herein, Defendants knew and/or reasonably should have known that Plaintiff Kudo was in fact a non-exempt employee whose duties primarily consisted of performing non-exempt and non-managerial tasks.

35. During the collective action and class periods, and at all relevant times herein, upon information and belief, Defendants have likewise employed other individuals similarly situated to and like the Plaintiff who have also worked in excess of 40 hours per week while willfully failing to pay them for all the hours actually worked as well as for overtime compensation of one-and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law. As stated the exact numbers of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT

36. Plaintiff, on behalf of himself and all Collective Action Members re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

37. At all relevant times, Defendants have been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

39. At all relevant times herein, Defendants employed and continue to employ Plaintiff and each of the members of collection action in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and Defendants engaged and continue to engage in commerce by selling and/or providing goods and/or services to its customers.

40. At all relevant times herein, upon information and belief, Defendants' businesses and enterprises have/had annual gross revenue in excess of $500,000.00 (five hundred thousand dollars).

41. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay for all of the hours actually worked as well as for overtime compensation to its General Managers for their hours worked in excess of forty hours per workweek.

43. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, for all of the hours actually worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated

and, continues to violate, the FLSA, 29 U.S.C. § 201 *et seq*. including 29 U.S.C. § 207(a)(1) and 215(a).

44. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 211(c) and 215(a).

45. The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

46. Due to the Defendants' FLSA violations, Plaintiff, on behalf himself and the Collective Action members, are entitled to recover from the Defendants, theft unpaid wages for hours actually worked and which they received no compensation at all as well as overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW

47. Plaintiff, on behalf of himself and all Collective Action Members re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

48. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them for all of the hours actually worked by them as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

50.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

51.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant theft unpaid wages as well as overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT

52.     Plaintiff, on behalf of himself and all Collective Action Members re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

53.     Because of Defendants denial of overtime and proper wages to Plaintiff, Defendants have been able to unjustly enrich itself by withholding monies that rightfully belong to Plaintiffs.

54.     Under equity and good conscience, Defendants must disgorge those illegally withheld wages to Plaintiff in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION ON BEHALF OF PLAINTIFF KUDO ONLY

55. Plaintiff, on behalf of himself individually, re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

56. For the first 9 years of his employment, Plaintiff Kudo was never disciplined or issued written warnings with respect to his job performance.

57. In 2008, Plaintiff Kudo objected to and complained about certain practices of his employer that he reasonably and in good faith believed to be illegal, including but not limited to, the failure to pay the hourly associates for off-the-clock work.

58. Subsequent to expressing these objections and complaints to his supervisors, including but not limited to Multi-Unit Manager, Sheila Yap, Plaintiff Kudo was issued 3 written warnings between May and October 2008.

59. Plaintiff Kudo has since learned that Defendants are closing the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, on or about January 29, 2009.

60. The foregoing disciplinary action against Plaintiff Kudo has the effect of blacklisting or jeopardizing his opportunities for future employment both inside and outside the Defendant corporations.

61. Defendants have retaliated against the Plaintiffs for Plaintiff Kudo's exercise of rights under the FLSA and New York State Labor Law on behalf of himself all other Plaintiffs.

62. There is a causal link between the adverse employment actions as described above and the assertions and complaints by Plaintiff Kudo.

63. Plaintiff Kudo continues to fear retaliation for either reporting their time accurately or for opposing the violations and illegal practices by Defendants.

64. The actions of the Defendants are in violation of the anti-retaliation provisions of 29 U.S.C. § 215(a)(3)(1994).

65. As a result of unlawful acts of Defendants, Plaintiff Kudo has suffered monetary loss, mental anguish, humiliation, embarrassment, emotional injury and other damages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of the First Cause of Action under the FLSA as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Certification of the Second Cause of Action under the New York Labor Law as a class action pursuant to Fed. R. Civ. P. 23(b)(2)and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. A declaratory judgment that the practices complained of in the First, Second and Fourth Causes of Action herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns as set forth in the First, Second, and Fourth Causes of Action herein;

e. An award of unpaid wages for hours actually worked as well as overtime compensation due in an amount to be determined at trial as set forth in the First, Second, and Third Causes of Action herein;

f. An award of compensatory and punitive damages in a sum to be determined at trial as to the Fourth Cause of Action herein;

g. An award of liquidated and/or punitive damages in a sum to be determined at trial as to all causes of action;

h. An award of prejudgment and postjudgment interest as to all causes of action;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees as to all causes of action; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: South Nyack, New York
January 26, 2009

Respectfully submitted,

**FEERICK LYNCH MACCARTNEY PLLC**

By: Mary E. Brady Marzolla (1077)
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York 10960
(845) 353-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KHAN KUDO, Individually and on Behalf of All Other
Persons Similarly Situated,

       Plaintiffs,

       -against-

PANDA RESTAURANT GROUP, INC., and       Civ. No.09-_____ (___)
PANDA EXPRESS, INC.,

       Defendants.
-----------------------------------------------------------------------X

## DECLARATION OF KHAN KUDO AND
## CONSENT TO JOIN SUIT UNDER F.L.S.A.

I, KHAN KUDO, do hereby swear and affirm as follows:

1. I make this Declaration based upon personal and professional knowledge.

2. I am over 21 years of age and fully competent to make this Declaration. My address is 218 Park Terrace, Monroe, New York, 10950.

3. I worked as a General Manager for Defendants in the State of New York from approximately 1998 to January 2009.

4. Defendants failed to pay me any overtime compensation even though I regularly worked more than 40 hours a week.

5. I, KHAN KUDO, hereby consent to be a party/plaintiff to join this action brought pursuant to the Fair Labor Standards Act of 1947, 29 U.S.C. §216 (b).

**I DECLARE** under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2009
       South Nyack, New York

_____
KHAN KUDO