

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973.656.1600
Facsimile: 973.656.1611
www.ogletreedeakins.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-4-11
```

Dominick C. Capozzola
dominick.capozzola@ogletreedeakins.com

November 4, 2011

**VIA FACSIMILE ONLY**
Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

MEMO ENDORSED

RE:　*Khan Kudo v. Panda Restaurant Group, Inc., et al.*
　　　Case No. 09-cv-712-CS

> The problem here may be too many cooks. In any event, Defendants shall produce, by 5 pm on 11/11/11, contact information for all General Managers from 10/20/08 on.
>
> So Ordered.
>
> *Cathy Seibel*
> Cathy Seibel, U.S.D.J.
>
> Dated: 11/4/11

Dear Judge Seibel:

　　　We write, regrettably, in response to Plaintiffs' *fourth* letter to the Court since the entry of the June 3, 2011 Order granting Plaintiffs' motion for conditional certification. We will gladly appear for an in person or telephone conference if the Court wishes to discuss the case, but we submit that it is not necessary here, as there is only one objectively reasonable solution to the present controversy.

　　　This controversy arises from the Court's October 18, 2011 Order. As the Court may recall, in light of Plaintiffs' decision to use a third-party administrator, Defendants objected to the production of the addresses and telephone numbers to Plaintiffs' counsel out of fears that Plaintiffs would actively encourage persons to join. The Court ordered Defendants to produce the addresses to Plaintiffs but prohibited Plaintiffs from contacting potential plaintiffs. The Court also denied Plaintiffs' request to toll the statute of limitations.

　　　The Court's Order denying the tolling of the statute of limitations, coming four and one half months after the June 3, 2011 Order, left Defendants on the horns of a dilemma. If Defendants produced the names and addresses of all applicable General Managers who worked for Panda Express between June 3, 2008, and June 3, 2011, there would likely be dozens of persons whose employment terminated between June 3, 2008 and October 18, 2008 who would receive notice, but would have no valid claims. Similarly, there would be persons who joined Panda Express after June 3, 2011 who may have timely FLSA claims but who would not receive

---

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Greensboro
Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • Los Angeles • Memphis • Miami • Minneapolis • Morristown • Nashville • New Orleans
Orange County • Philadelphia • Phoenix • Pittsburgh • Portland • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington
A South Carolina Professional Corporation
Mark Diana ■ New Jersey Managing Shareholder



the notice. This dilemma has one obvious solution, namely, requesting a modification of the Court's June 3, 2011 Order to take into account the passage of time.

After an exchange of communications with Plaintiffs' counsel on this issue, on Wednesday, October 26, 2011, I called Mary Marzolla from Feerick, Lynch, MacCartney, PLLC, and proposed that Plaintiffs agree to enter into a joint request to the Court asking for a modification of the June 3, 2011 Order. Ms. Marzolla seemed open to it, but stated that she needed to consult with her colleagues from Valli, Kane, and Vagnini.

On Tuesday, November 1, 2011, I received an email from Sara Kane of Valli, Kane & Vagnini forwarding the Chinese translation of the collective action notice that Plaintiffs had been promising to prepare since July, 2011. In her email, Ms. Kane asked that we forward "the contact information from October 20, 2008 on immediately."

The next morning, November 2, 2011, I informed Ms. Kane that I had forwarded the translation to our clients, and I had requested from them the names and addresses of the relevant General Managers who had worked for Panda Express from October 20, 2008. In my mind, all of the outstanding issues that had produced the long delay in issuing the Notice of Collective Action had been resolved.

Much to my surprise, that evening I received a highly caustic email from Mr. James Vagnini. Mr. Vagnini, who had not previously been a participant in any of the communications after the Court's October 18, 2011 Order, complained about "games" and stated that our actions were "ridiculous." I asked Mr. Vagnini to call me with the hope that I could explain and diffuse the situation, but he refused.

The following morning, November 3, 2011, Ms. Kane sent an equally confounding email demanding clarification of our position. I was at a client facility that day, so I sent a short email to Ms. Kane telling her that I would respond later that day after I had returned. Rather than giving me time to answer her questions, Mr. Vagnini short circuited the matter yesterday afternoon by faxing a letter to the Court seeking a conference.

We find this entire situation regrettable for two reasons. First, in light of the clear authority relating to the statute of limitations under the FLSA, especially in light of the Court's recent Order rejecting Plaintiffs' bid to toll the statute of limitations, there is only one objectively reasonable resolution to the existing dispute, namely, modification of the Court's original Order to require production of the names and addresses of persons with timely claims only. Otherwise, persons without timely claims will receive notice, while persons with timely claims will not. Second, Plaintiffs disregarded Defendants' request to submit a joint request to the Court, and they did not engage in a good faith effort to resolve the matter without judicial intervention. They refused to speak to me over the phone, and they submitted a letter to the Court before I had a chance to answer their concerns.



November 4, 2011
Page 3

      In Plaintiffs' letter, they assert that Defendants' withholding of the names and addresses to date has prejudiced potential plaintiffs. This claim is entirely baseless, as Plaintiffs did not prepare the Chinese translation that needed to go along with the notice until November 1, 2011.

      Once again, we would be happy to attend a conference with the Court if needed, but we respectfully submit that no such conference is needed here. The right thing to do is plainly evident, and we respectfully request therefore that the Court modify its June 3, 2011 Order to obligate Defendants to provide the names and contact information of persons with timely claims only.

                                     Respectfully submitted,

                                       Dominick C. Capozzola

Enclosure

cc: Mary Marzolla (via email)
    Sara Kane (via email)



OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

10 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: 973.656.1600
Facsimile: 973.656.1611
www.ogletreedeakins.com

# FACSIMILE TRANSMITTAL

| DATE: | November 4, 2011 | PAGES: | 4 (including cover) |
|---|---|---|---|
| TO: | Hon. Cathy Seibel, U.S.D.J. | FROM: | Dominick C. Capozzola |
| FAX: | 1 (914) 390 4278 | PHONE: | (973) 656.1600 |

RE: *Khan Kudo v. Panda Restaurant Group, Inc. et al.*
*Case No. 09-cv-712 (CS)*

MESSAGE:

If problems arise with receipt of this transmission, please contact Melissa Egusquiza, Legal Assistant to Dominick C. Capozzola, Esq.

Email Address: melissa.egusquiza@ogletreedeakins.com                Direct Phone Number: (973) 630.2326

10656350.1 (OGLETREE)

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Greensboro
Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • Los Angeles • Memphis • Miami • Minneapolis • Morristown • Nashville • New Orleans
Orange County • Philadelphia • Phoenix • Pittsburgh • Portland • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.

# Valli Kane & Vagnini
### Attorneys at Law

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

<u>Via Facsimile Transmission Only</u>
<u>(914) 390-4278</u>

November 3, 2011

Hon. Cathy Seibel, U.S.D.J.
United States District Court - SDNY
300 Quarropas Street
White Plains, NY 10601

    Re: <u>Khan Kudo v. Panda Restaurant and Panda Express Inc. 09 cv 0712 (CS)</u>

Dear Judge Seibel:

    We represent the Plaintiff and the Opt-in Plaintiffs in the above-referenced collective action under the Fair Labor Standards Act ("FLSA"). We write seeking an in person or telephone conference with Your Honor. As of today, Plaintiffs have yet to receive the data pertaining to General Managers, as set forth in Your Honor's orders of June 3, 2011, July 5, 2011 and October 18, 2011 respectively. While counsel for both parties have engaged in good faith discussions surrounding the exact data to be provided, there is a disagreement between the parties as to what precisely Defendant's are required to produce. Thus, despite Your Honor's orders, absolutely no data has been provided to Plaintiffs. Therefore, we request a conference as soon as possible as this constant delay continues to prejudice potential class members. Thank you.

Respectfully submitted,

James A. Vagnini

cc: Dominick C. Capozzola, Esq. (by email only)
Patrick Hulla (by email only)
Sara Wyn Kane, Esq. (by email only)
James Vagnini, Esq. (by email only)

*[Handwritten note:] The conference request is denied without prejudice to renewal after the data has been provided and a further conference is necessary.*

*[Handwritten:] So Ordered.
Cathy Seibel, U.S.D.J.
Dated: 11/3/11*