Pre-motion conference to be held on: 6-14-2013 @ 3:45 pm

Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.

So ordered.

*Cathy Seibel*

Cathy Seibel, U.S.D.J.

Dated: 5/15/13

**Littler**
Employment & Labor Law Solutions Worldwide

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

MEMO ENDORSED

May 14, 2013

A. Michael Weber
212.583.2660 direct
212.583.9600 main
646.219.6181 fax
mweber@littler.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/15/13

**VIA FACSIMILE TRANSMISSION (914.390.4278)**

The Honorable Cathy Seibel
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, New York 10601-4150

Re: ***Kudo, et al. v. Panda Restaurant Group, et al.*, Case No. 09-CV-0712-CS-GAY (S.D.N.Y.)**

Dear Judge Seibel:

We represent Defendants Panda Restaurant Group, Inc. and Panda Express, Inc., ("Defendants" or "Panda") in the above-referenced matter. We write pursuant to Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference, in advance of Defendants' anticipated Motion for Leave to Amend the Answer ("Motion") to add the administrative and executive exemptions as affirmative defenses.[1] Upon conducting an initial review of the record after our recent substitution as defense counsel, we determined that that it is necessary to amend the Answer to conform it to the Court's orders and the evidence presented.

**I.    Background.**

Named Plaintiff Khan Kudo filed this action on behalf of himself and other similarly situated individuals seeking, *inter alia*, unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleging that General Managers ("GMs") employed by Defendants were misclassified as employees exempt from overtime requirements. After Defendants filed their original Answer to the Complaint, the parties engaged in discovery limited to whether a collective action under the FLSA should be conditionally certified. Defendants opposed Plaintiff's Motion for Conditional Certification, which was granted by the Court. (*See* Dkt. 59.) Since then, over 140 opt-ins (collectively, "Plaintiffs") have filed consents to join the action to date.

On March 26, 2013, the Court approved Panda's substitution of our firm as new defense counsel in this case. Upon reviewing the record, we determined that it would be necessary to amend the Answer and add the administrative and executive exemptions as affirmative defenses in order to conform the Answer to the evidence in the record and the Court's conditional certification order (both of which reference these exemptions). Thus, on April 12, 2013, defense counsel asked Plaintiffs' counsel whether they would consent to these proposed amendments, so that the parties could avoid the expense of motion practice. Initially, Plaintiffs indicated that they were not inclined to consent, claiming that, at that time, they had understood Defendants to be relying only on the *administrative exemption*, not the executive exemption. Plaintiffs' counsel agreed to discuss it internally prior to the upcoming telephone conference with Mag. Judge Yanthis. However, on May 2, 2013, Plaintiffs' counsel backtracked on their earlier assertion, and maintained, surprisingly, that they had assumed Defendants were not relying on *any* exemption at all (as opposed to

---

[1] This pre-motion letter is intended to provide the Court with a brief overview of Defendants' legal arguments and defenses. Accordingly, Defendants reserve the right to supplement and/or expand the facts and law in their anticipated Motion. littler.com

The Honorable Cathy Seibel
May 14, 2013
Page 2

relying solely on the administrative exemption as a defense to the merits of Plaintiffs' misclassification claims). Accordingly, they refused to consent to Defendants amending the Answer to plead either exemption as an affirmative defense, on the grounds that Plaintiffs did not have sufficient notice of the administrative or executive exemptions throughout the litigation. Defendants must now engage in motion practice for the purpose of amending the Answer to plead these exemptions with specificity.

## II.     Leave To Amend Should Be Freely Given.

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, "[the] court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). The U.S. Supreme Court has emphasized that "[t]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, an "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Las Olas Investor Group, LLC v. Las Olas Tower Co.*, 2008 U.S. Dist. LEXIS 661, at *4 (S.D.N.Y. Jan. 2, 2008), citing *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (internal citations omitted).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Since Plaintiffs will not be able to demonstrate any prejudice or bad faith, the Court should consider Defendants' anticipated Motion.

## III.    Plaintiffs Cannot Demonstrate They Will Be Prejudiced.

Defendants' proposed amendments will not prejudice Plaintiffs, as the exemptions are simply defenses to the merits of Plaintiffs' misclassification claims. "In determining what constitutes 'prejudice,' [the Second Circuit] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Here, Defendants' proposed amendments do not require Plaintiffs to expend additional resources to conduct discovery or prepare for trial, nor do they delay the resolution of the case because *the parties have not yet begun discovery on the merits*. Indeed, in granting conditional certification, the Court pointed out that "the question at [the conditional certification] stage is not whether GMs outside of California were properly or improperly exempted from overtime compensation. That is a question relating to the merits of Plaintiffs' claim, which is to be answered at a later stage in this litigation." (Dkt. No. 59 at 19-20.)

Depositions on the merits of Plaintiffs' claims have not yet taken place. In fact, on May 6, 2013, Mag. Judge Yanthis instructed the parties to submit a deposition schedule by June 6, 2013, thereby leaving sufficient time for Defendants to amend the Answer before these depositions begin. *Accord Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989) (finding that, where depositions had not been completed by the parties, "permitting the proposed amendments will not substantially delay either discovery or the trial of this matter").

Plaintiffs cannot claim in good faith that they were not on notice of the administrative and executive exemptions as defenses, or that the proposed amendments otherwise constitute unfair surprise. Plaintiffs have had ample notice of Defendants' reliance on these white-collar exemptions (which are typically the only exemptions at issue in store manager misclassification cases) since the beginning of this litigation. Defendants asserted that "Plaintiff Kudo and other General Managers are exempt from overtime under both state and federal law" in their original Answer to the Complaint. (Dkt. 8 at 4.) Defendants then asserted elements of

The Honorable Cathy Seibel
May 14, 2013
Page 3

the executive and administrative exemptions (e.g. Plaintiffs' freedom from direct supervision, authority to hire and fire, etc.) as subjects of discoverable information in their Rule 26(a) initial disclosures. Defendants also referenced their exemption defense in their responses to Plaintiffs' interrogatories, stating that "Defendants have always maintained that their General Managers are exempt employees, and treatment of General Managers as exempt employees has always been the practice/norm." In addition, Defendants specifically asserted both the administrative and executive exemptions in their opposition to Plaintiffs' Motion for Conditional Certification, noting that "Plaintiffs appear to believe that Defendants, in classifying their General Managers as exempt, have relied exclusively on the *administrative exemption* contained in the FLSA regulations . . . Plaintiffs have utterly ignored the *executive exemption*, and in doing so have proffered nothing to demonstrate that they can prove, through the use of common evidence, that Defendants' General Managers fail to meet this exemption across the board." (Defs.' Sept. 27, 2010 Opp. Br. at 22-23) (Emphasis added.)

Hence, Plaintiffs cannot claim they were laboring under the assumption that Defendants had intended to rely only on the administrative exemption, or on no exemption at all. Indeed, in granting conditional certification, the Court pointed out that "the relevant exemption, for the purposes of this case, is for employees 'employed in a bona fide *executive, administrative,* or professional capacity.'" (Dkt. No. 59 at 4) (Emphasis added.) It strains credulity that the Court knew the exemptions on which Defendants were relying at that time, but Plaintiffs did not.

Nor can Plaintiffs argue that Defendants have waived their right to assert the exemptions at this stage of the case. It is well-settled that a party may raise the exemptions for the first time on a motion for summary judgment. *See Schwind v. EW & Assocs.*, 357 F. Supp. 2d 691, 698 (S.D.N.Y. 2005). In *Schwind*, the defendants moved for summary judgment on the exemption defenses, but in the alternative, formally requested permission to amend their answer to plead the exemptions on reply. *Id.* at 699. The parties had discussed the applicability of certain exemptions on the record during a court conference and at a deposition, but disputed which ones they had discussed. *Id.* Finding that there was no surprise or prejudice to plaintiffs — as "discovery [had been] directed to the possibility of [certain] exemptions" — the court ruled in favor of defendants, and deemed their answer amended to assert the administrative, executive, and outside sales exemptions. *Id.* at 699-700.

Here, the record is replete with instances of Defendants putting Plaintiffs on notice *in writing* of their intent to assert the administrative and executive exemptions as defenses. Accordingly, Plaintiffs will not be prejudiced by amending the Answer to plead these defenses with specificity, before depositions on the merits have taken place. To the contrary, the proposed amendments will assist both parties in clarifying the defenses at issue, streamlining the litigation, and focusing the parties' discovery efforts with regard to liability.

In sum, Plaintiffs cannot demonstrate any bad faith or prejudice. Therefore, Defendants should be permitted to amend their Answer to assert the administrative and executive exemptions as additional affirmative defenses.

**IV.    Conclusion.**

For the foregoing reasons, Defendants respectfully request that Your Honor schedule a pre-motion conference to consider Defendants' anticipated Motion for Leave to Amend the Answer.

```
```
The Honorable Cathy Seibel
May 14, 2013
Page 4


Respectfully submitted,

*A. Michael Weber*

A. Michael Weber

AMW/awf

cc:    Mary Marzolla, Esq. (via e-mail)
      Sara Kane, Esq. (via-email)
      Rob Valli, Esq. (via e-mail)
      Aneeba Rehman, Esq. (via e-mail)



**FACSIMILE COVER SHEET**

May 14, 2013

| | | | | | |
|---|---|---|---|---|---|
| To: | The Honorable Cathy Seibel | Fax: | 914.390.4278 | Phone: | |

Fax #(s) verified before sending (initial):

| | | | | | |
|---|---|---|---|---|---|
| From: | Naveen Kabir | Fax: | 917.591.8242 | Phone: | 212.471.4481 |

Length, including this cover letter:           Pages

If you do not receive all pages, please call Sender's Phone Number.

**Message:**

Kudo, et al v. Panda Restaurant Group, et al., Case No. 09-CV-0712-CS-GAY (S.D.N.Y)

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _____   User Number: 3995

Littler Mendelson, P.C.
900 Third Avenue, New York, NY 10022.3298
Tel: 212.583.9600  Fax: 212.832.2719  www.littler.com