

**Valli Kane & Vagnini**
*Attorneys at Law*

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

June 7, 2013

<u>*Via Facsimile Transmission Only 914-390-4278*</u>
Hon. Cathy Seibel, U.S.D.J.
United States District Court- S.D.N.Y
300 Quarropas Street
White Plains, NY 10601

     Re:    <u>Kudo v. Panda Restaurant et al., 09 cv 0712 (CS)</u>

Dear Judge Seibel:

    We represent the Plaintiffs in the above referenced matter and respectfully submit this correspondence in opposition to Defendants' pre-motion letter, which seeks to amend the answer to add the administrative and executive exemptions as affirmative defenses.

    While we recognize that Defense Counsel is new to this case, it can hardly be argued that prior counsel was remiss or forgetful in raising these defenses. Rather, under the particular circumstances herein, there can be no doubt that Defendants intentionally relinquished the proposed affirmative defenses.

1. <u>DEFENDANTS INTENTIONALLY RELINQUISHED THE PROPOSED AFFIRMATIVE DEFENSES AS PART OF THE LEGAL STRATEGY.</u>

    Since the inception of this litigation four years ago, Defendants were represented by a nationally known employment firm with extensive experience in wage and hour litigation. Further, prior counsel had actual knowledge that the exemptions were affirmative defenses that had to be pled and proven *at the outset*. See, e.g., *Renfro v. Spartan Computer Services, Inc.*, Case No. 06-2284, in the US District Court for the District of Kansas, Ogletree Deakins by Patrick Hulla[1] Answer at "Second Affirmative Defense." When faced with Plaintiff's motion to strike the affirmative defense asserting the specific exemption alleged therein, Mr. Hulla eloquently defended the assertion of the specific exemption by successfully arguing that same was "require[d]" to be asserted "*at the outset*" as follows:

---

[1] Until a few weeks ago Mr. Hulla represented Defendants. According to the firm's website, "Pat's practice is concentrated in the area of complex employment litigation. Pat has successfully led, and co-led, the defense of dozens of off-the-clock and misclassification collective actions for numerous Fortune 100 companies. Pat has also been lead defense counsel in ...wage and hour class actions."

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-13

"The Federal Rules of Civil Procedure require a defendant to plead its affirmative defenses in the first responsive pleading to avoid waiving them. DIRECTV, Inc. v. Barrett, 311 Supp. 2d 1143, 1147 (D.Kan. 2004); FED. R. CIV. PROC. 8(c). Thus, defendants are required to plead, *at the outset of the litigation*, all possible affirmative defenses that might become available through the development of facts during discovery ... Spartan has met and exceeded its minimal burden by, for example, identifying the specific FLSA exemptions that may be applicable."

*Id.* (Memorandum of Law in Opposition to plaintiff's motion to strike certain affirmative defenses dated September 19, 2006 (emphasis in original)). Despite actual knowledge of the alleged affirmative defenses and that same had to be pled *"at the outset,"* Defendants chose a course of litigation and strategy which omitted pleading these defenses.

Similarly, in *Zaniweski v. PRRC, Inc.*, Case No. 3:11-01535, US District Court for the District of Connecticut, OgletreeDeakins, et al, in Defendant's Answer and Defenses dated February 14, 2012 at the Second Separate Defense asserted the "executive and/or administrative exemptions." The attorney of record in that case was Sharon Margello[2], who was also one of the lead attorneys for Defendants in this action.

In this case, Defendants clearly and unequivocally intentionally relinquished the affirmative defenses they now seek to assert. That new defense counsel differs in legal tactics and strategy does not provide a basis for amendment. *See Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005) (that defendants' newly substituted counsel makes a strategic decision to assert a defense, even though defendants' former counsel knew of the defense and presumably waived it, is not a sufficient basis for leave to amend where plaintiff is prejudiced by the amendment).

2. <u>PLAINTIFFS WILL BE PREJUDICED BY THE AMENDMENTS</u>

In deciding whether to permit an amendment under FRCP 15(a), the Court considers factors such as undue delay and prejudice to the non-moving party. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir.1998).

Defendants have at all times proceeded with purpose relative to the defense of the action. When approximately 150,000 pages of un-indexed and un-itemized non-searchable documents were dumped on Plaintiff's counsel pre-certification, it was presumed that same was done to maximize Plaintiffs burden. As all facets of the litigation have been conducted in this manner there is no reason to suspect that the omission of the affirmative defenses was not done in the same vein. Having to review these documents again for each of the elements and factors of the exemptions set forth in the proposed affirmative defenses would prejudice Plaintiffs.

Failure to assert a particular affirmative defense deprives Plaintiff of the notice necessary in order to make informed, strategic decisions about how to proceed, and to anticipate and

---

[2] According to the firm's website, "Sharon has over 30 years of experience litigating employment disputes on behalf of management." Additionally, she "has represented companies in wage and hour litigation and collective and class actions...."

dispute issues central to the case. Plaintiffs' interrogatories specifically requested clarification on which exemption, if any, was being asserted. Instead of amending their answer or providing a specific response, Defendants made a decision not to clarify the exemptions being asserted.[3]

Defendants argue that the issue was raised in their opposition to Plaintiffs' Conditional Certification Motion. Defendants claim that Plaintiffs believed Defendants were relying on the administrative exemption and that we ignored the executive exemption. Defendants make Plaintiff's argument that Plaintiffs were left to guess which exemption if any Defendants intended to assert. Now, years later, Defendants want to change the factors and elements that should and would have been considered in a nearly three year-old document review.

Defendants' suggest that because Plaintiffs are still reviewing the latest unorganized document production from prior counsel it would not be prejudicial to amend the answer. While we are working with current Defense counsel to obtain a more appropriate production, we have already spent considerable time and expense reviewing documents. The fact that additional depositions are being scheduled does not alter the fact that vast swaths of documents have already been reviewed by Plaintiffs counsel and pre-certification depositions were conducted.

### 3. CHANGE OF COUNSEL DOES NOT CONSTITUTE GOOD CAUSE

Defendants do not proffer any good cause for the undue delay for asserting the defenses in the more than four years of litigation, as none exists. The facts upon which the amendment are based have existed and were known to Defendants and counsel long before the commencement of the instant action. New Counsel is bound by the legal strategies which prior counsel asserted on behalf of their client. Their decision to pursue a different strategy does not amount to good cause. Indeed, "[p]arties are bound by actions of prior counsel...To find good cause simply on the basis of new counsel would be "to allow a party to manufacture 'good cause at any time simply by switching counsel.'" *Alexander v. Westbury School Dist.*, 829 F.Supp.2d 89 (E.D.N.Y. 2009); *see also Franconero v. Universal Music Corp.*, 2011 U.S. Dist. LEXIS 15259, 20 (S.D.N.Y. Feb. 11, 2011) (substitution of counsel does not excuse delay in seeking to amend).

In conclusion, there was a conscious, deliberate decision by prior counsel in crafting the Answer. Plaintiffs' would be prejudiced by having to revisit hundreds of thousands of documents should affirmative defenses be asserted at this late stage. We respectfully request that Your Honor deny Defendants request to move for Leave to Amend the Answer. Thank you for your time and consideration.

Sincerely,

VALLI KANE & VAGNINI LLP

Robert J. Valli Jr.

---

[3] In response to Plaintiffs First Interrogatory Requests No. 7 and 8, instead of clarifying what, if any, exemption is being asserted, Defendants simply responded that general managers are exempt from the FLSA.