LITTLER MENDELSON, P.C.
A. Michael Weber
Lisa A. Schreter (*pro hac vice* forthcoming)
Helene J. Wasserman (admitted *pro hac vice*)
Joshua B. Waxman
Naveen Kabir
900 Third Avenue
New York, NY  10022.3298
212.583.9600
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHAN KUDO, Individually and on Behalf of All Other Persons Similarly Situated, | Index No. 7:09-cv-00712-CS-GAY |
| Plaintiff, | **DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT** |
| -against- | |
| PANDA RESTAURANT GROUP, INC., and PANDA EXPRESS, INC., | |
| Defendants. | |

Defendants Panda Restaurant Group, Inc. and Panda Express, Inc., (hereafter referred to as "Defendants"), by and through their attorneys, file their First Amended Answer to Plaintiff's Complaint, as follows:

## ANSWER TO PLAINTIFF'S INTRODUCTORY STATEMENT

In response to the unnumbered introductory paragraph of the Complaint, to the extent that an answer is required to the statements therein, Defendants admit only that Plaintiff Kudo purports to assert an action on behalf of himself and all others similarly situated, but deny any claim or implication by Plaintiff that this action is appropriately maintained as a collective action

or that Plaintiff is similarly situated to other individuals within the meaning of the FLSA.

## AS TO THE BACKGROUND FACTS

1.      Defendants deny each and every allegation in Paragraph 1 of the Complaint.

2.      Defendants deny each and every allegation in Paragraph 2 of the Complaint.

3.      Defendants deny that Plaintiff or any other employees were wrongfully deprived of overtime compensation or are entitled to damages plus interest, attorneys' fees and costs. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and on that basis deny those allegations.

4.      Paragraph 4 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations in Paragraph 4 of the Complaint are denied.

5.      Paragraph 5 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations in Paragraph 5 of the Complaint are denied.

6.      Paragraph 6 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations in Paragraph 6 of the Complaint are denied.

7.      Paragraph 7 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations in Paragraph 7 of the Complaint are denied.

8.      Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff, Khan Kudo, presently resides in the County of Orange in the State of New

York. Excepted as so stated, Defendants deny each and every allegation in Paragraph 8 of the Complaint.

9.      Defendants admit that Panda Restaurant Group is a foreign corporation with principal executive offices located at 1683 Walnut Grove Avenue, Rosemead, California. Except as so admitted, Defendants deny each and every allegation in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12.     Defendants admit that Panda Express operated the Panda Express, Store No. 418, in the Palisades Center Mall in the County of Rockland and State of New York. Except as so admitted, Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendants deny each and every allegation in Paragraph 13 of the Complaint.

14.     Defendants admit that Plaintiff Kudo was employed at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 14 of the Complaint.

15.     Defendants deny that General Managers were misclassified and that any General Manager was improperly denied overtime and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and on that basis denies those allegations.

16.     Defendants deny each and every allegation in Paragraph 16 of the Complaint.

17.     Defendants deny each and every allegation in Paragraph 17 of the Complaint.

18.     Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies those allegations.

19.    Paragraph 19 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, the allegations in Paragraph 19 of the Complaint are denied.

20.    Defendants deny each and every allegation in Paragraph 20 of the Complaint.

21.    Defendants deny each and every allegation in Paragraph 21 of the Complaint.

22.    Defendants deny each and every allegation in Paragraph 22 of the Complaint.

23.    Defendants deny each and every allegation in Paragraph 23 of the Complaint.

24.    Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25.    Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26.    Defendants admit that Plaintiff Kudo and other General Managers are exempt from overtime under both state and federal law. Except as so admitted, Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.    Defendants admit that Plaintiff Kudo was employed as General Manager. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 27 of the Complaint.

28.    Defendants deny each and every allegation in Paragraph 28 of the Complaint.

29.    Defendants deny each and every allegation in Paragraph 29 of the Complaint.

30.    Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31.    Defendants deny each and every allegation in Paragraph 31 of the Complaint.

32.    Defendants deny each and every allegation in Paragraph 32 of the Complaint.

33.     Defendants admit that Plaintiff Kudo was required to, and in fact did, attend offsite training sessions. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 33 of the Complaint.

34.     Defendants deny each and every allegation in Paragraph 34 of the Complaint.

35.     Defendants deny each and every allegation in Paragraph 35 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)

36.     Defendants repeat their responses to the previous allegations as if same were set forth at length herein.

37.     Paragraph 37 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint merely states a legal conclusion to which no response is necessary. To the extent that an answer is deemed necessary, Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39.     Defendants admit that Plaintiff was employed as a General Manager and that others continue to be employed as General Managers in furtherance of the activities of the employing entity while engaged in commerce and that the employing entity engaged and continues to engage in commerce by selling and/or providing goods and/or services to its customers. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 39.

40.     Defendants admit the allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint states a legal conclusion to which no response is necessary.

42.     Defendants deny each and every allegation in Paragraph 42 of the Complaint.

43.     Defendants deny each and every allegation in Paragraph 43 of the Complaint.

44.     Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.     Defendants deny each and every allegation in Paragraph 46 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION
### (New York Labor Law)

47.     Defendants repeat their responses to the previous allegations as if same were set forth at length herein.

48.     Defendants admit that Plaintiff was employed by his employer within the meaning of Labor Law §§2 and 651. Except as so admitted, defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50.     Defendants deny each and every allegation in Paragraph 50 of the Complaint.

51.     Defendants deny each and every allegation in Paragraph 51 of the Complaint.

**WHEREFORE,** Defendants demand that judgment be entered against Plaintiff:

(a)     Dismissing the Complaint in its entirety with prejudice;

(b)     Awarding Defendants their attorneys' fees and costs; and

(c)     Awarding such other and further relief as the Court deems equitable and just.

## AS TO THE THIRD CAUSE OF ACTION
### (Unjust Enrichment)

52.    Defendants repeat their responses to the previous allegations as if same were set forth at length herein.

53.    Defendants deny each and every allegation in Paragraph 53 of the Complaint.

54.    Defendants deny each and every allegation in Paragraph 54 of the Complaint.

**WHEREFORE,** Defendants demand that judgment be entered against Plaintiff:

(a)    Dismissing the Complaint in its entirety with prejudice;

(b)    Awarding Defendants their attorneys' fees and costs; and

(c)    Awarding such other and further relief as the Court deems equitable and just.

## AS TO THE FOURTH CAUSE OF ACTION
### (Retaliation on Behalf of Plaintiff Kudo Only

55.    Defendants repeat their responses to the previous allegations as if same were set forth at length herein.

56.    Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57.    Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58.    Defendants deny each and every allegation in Paragraph 58 of the Complaint.

59.    Defendants admit that the Panda Express Restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, closed on January 29, 2009.

60.    Defendants deny each and every allegation in Paragraph 60 of the Complaint.

61.    Defendants deny each and every allegation contained in Paragraph 61 of the Complaint.

62.    Defendants deny each and every allegation in Paragraph 62 of the Complaint.

63.    Defendants deny each and every allegation contained in Paragraph 63 of the Complaint.

64.    Defendants deny each and every allegation in Paragraph 64 of the Complaint.

65.    Defendants deny each and every allegation in Paragraph 65 of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

66.    Defendants deny that Plaintiffs or those individuals whom he seeks to represent in this action, (*i.e.*, members of the proposed FLSA Collective and Rule 23 Class described in the Complaint) are entitled to any relief whatsoever, including the relief sought in the Prayer for Relief, including subparagraphs (a) through (j).

## ANSWER TO PLAINTIFF'S DEMAND FOR TRIAL BY JURY

67.    Defendants admit that Plaintiff demands a trial by jury. Whether and to what extent Plaintiff is entitled to a trial by jury is a legal conclusion to which no response is required.

**WHEREFORE,** Defendants demand that judgment be entered against Plaintiff:

(a)    Dismissing the Complaint in its entirety with prejudice;

(b)    Awarding Defendants their attorneys' fees and costs; and

(c)    Awarding such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses

8

constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as a matter of law.

## SECOND DEFENSE

Plaintiff's claims, and/or those of some or all of the putative class or collective action members are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## THIRD DEFENSE

Plaintiff and/or some or all of the putative class or collective action members are estopped and/or barred by their own conduct from recovering any relief.

## FOURTH DEFENSE

Defendants' actions were not willful.  No act or omission of Defendants which is alleged to violate the FLSA and/or the New York Labor Law was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiff and/or the putative collective action or class action members are therefore not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA.

## FIFTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action or class action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and New York Labor Law, and had reasonable grounds for believing they were in compliance with the FLSA and New York Labor Law.  Defendants assert a lack of willfulness or intent to violate the FLSA and New York Labor Law as a defense to any

claim for liquidated damages made by Plaintiff or any of the putative collective action or class action members.

## SIXTH DEFENSE

There is a defect or misjoinder of parties.

## SEVENTH DEFENSE

Venue is improper or inconvenient in this District.

## EIGHTH DEFENSE

The Court lacks personal jurisdiction over one or both of the Defendants.

## NINTH DEFENSE

The Court cannot exercise supplemental jurisdiction over Rule 23 state law class claimants who do not opt into the collective action.

## TENTH DEFENSE

Plaintiff's Rule 23 state law claims should be dismissed as such claims are inherently incompatible with Plaintiff's collective action claims under the FLSA and asserting both state law class action claims and FLSA collective action claims violates express Congressional intent.

## ELEVENTH DEFENSE

Plaintiff's class action claims under New York Labor Law are barred by Rule 901(b) of the New York Civil Practice Law and Rules which provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recover specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained in a class action."

## TWELFTH DEFENSE

To the extent Plaintiff seeks punitive damages, such claims are in contravention of

constitutional safeguards provided under the Constitution of the United States of America and the corresponding state constitutional provisions.

## THIRTEENTH DEFENSE

Without assuming the burden of proof, Plaintiff and the putative class members were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

## FOURTEENTH DEFENSE

Plaintiff's claims, and/or those of some or all of the putative class or collective action members are barred, in whole or in part, are barred because Defendants relied upon, and acted in good faith and in conformity with, written regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any administrative practice or enforcement policy of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259.

## FIFTEENTH DEFENSE

Plaintiff's claims on his own behalf, and/or those of some or all of the putative class or collective action members are barred,, are barred by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiff cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

## SEVENTEENTH DEFENSE

Plaintiffs are not "similarly situated" with other putative/potential plaintiffs.

11

## EIGHTEENTH DEFENSE

Liquidated damages are not available or warranted under the FLSA and/or New York Labor Law because Defendants at all times acted in good faith to comply with the FLSA and New York Labor Law, and had reasonable grounds for believing they were in compliance with the FLSA and New York Labor Law.

## NINETEENTH DEFENSE

Claims for non-compensable time are barred by 29 U.S.C. § 254(a).

## TWENTIETH DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action or class action members for non-compensable de minimis time and time that was not their "principal activity" is barred.

## TWENTY-FIRST DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action or class action members are barred for hours allegedly worked without Defendants' actual or constructive knowledge.

## TWENTY-SECOND DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action or class action members are barred or subject to offset because the wages they were paid was intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek.

## TWENTY-THIRD DEFENSE

Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because, even if Defendants violated any provision of

the FLSA or New York Labor Law, which Defendants specifically deny, such violation was not pursuant to a uniform policy or plan.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or New York Labor Law. *See* 29 U.S.C. §§ 207, 213(a), 213(b).  Specifically, Plaintiff and/or putative class or collective action members were employed in a bona fide administrative capacity under section 13(a)(1) of the FLSA as an employee: (1) who was compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) whose primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) whose primary duty included the exercise of discretion and independent judgment with respect to matters of significance.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or New York Labor Law. *See* 29 U.S.C. §§ 207, 213(a), 213(b).  Specifically, Plaintiff and/or putative class or collective action members were employed in a bona fide executive capacity under section 13(a)(1) of the FLSA as an employee: (1) who was compensated on a salary basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) whose primary duty was management of the enterprise in which the employee was employed or of a customarily recognized department or

subdivision thereof; (3) who customarily and regularly directed the work of two or more other employees; and (4) who had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims and/or those of some or all of the putative class or collective action members are barred, in whole or in part, because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or New York Labor Law. *See* 29 U.S.C. §§ 207, 213(a), 213(b).  Specifically, Plaintiff and/or putative class or collective action members were employed in a bona fide executive and/or administrative employee capacity under section 13(a)(1) of the FLSA as an employee who performed a combination of exempt duties as set forth in the regulations for executive or administrative  employees.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.708.

## TWENTY-SEVENTH DEFENSE

Class or collective relief is inappropriate because individual issues predominate over issues generally applicable to the class or collective action.  By way of example, consideration of the exempt status of each Plaintiff and each putative class or collective action member requires an individual fact-specific inquiry into the actual day-to-day duties of each individual.

## TWENTY-EIGHTH DEFENSE

Plaintiff's third cause of action for unjust enrichment under New York law is preempted by the FLSA.  *See Gordon v. Kaleida Health*, 847 F. Supp. 2d 479, 495 (W.D.N.Y. 2012)

(explaining that New York common law claims seeking unpaid overtime wages are preempted by the FLSA).

## TWENTY-NINTH DEFENSE

The Complaint fails to state a claim upon which punitive damages and/or prejudgment interest may be granted.

## THIRTIETH DEFENSE

Plaintiff cannot satisfy the requirements for a class action under Federal Rule of Civil Procedure 23 because, among other things, (1) Plaintiff is unable to meet the requirements of numerosity, typicality, and commonality, (2) individual questions of law or fact predominate over any common questions, and (3) a class action is not superior to other available methods for fairly and efficiently adjudicating the claims of putative class members.

Defendants reserve the right to assert any and all additional defenses as may be appropriate based on continuing investigation and discovery.

Date:   June 21, 2013
New York, New York

/s/
_____
A. Michael Weber
Lisa A. Schreter (*pro hac vice* forthcoming)
Helene J. Wasserman (admitted *pro hac vice*)
Joshua B. Waxman
Naveen Kabir
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 21, 2013, I caused an electronically filed copy of the foregoing First Amended Answer to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Mary Elizabeth Brady Marzolla
FEERICK LYNCH, MAcCARTNEY, PLLC
96 South Broadway
South Nyack, NY 10960
mmarzolla@flmpllc.com
Attorneys for Plaintiffs


Rob Valli
Sara Wyn Kane
Aneeba Rehman
VALLI KANE & VAGNINI LLP
600 Old Country Road
Garden City, NY 11530
rvalli@vkvlawyers.com
skane@vkvlawyers.com
arehman@vkvlawyers.com
Attorneys for Plaintiffs


_____/s/_____
A. Michael Weber