UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHAN KUDO, Individually and on Behalf of All Other Persons Similarly Situated,<br>Plaintiff,<br><br>-against-<br><br>PANDA RESTAURANT GROUP, INC., and PANDA EXPRESS, INC.,<br>Defendants. | Case No. 7:09-cv-00712-CS-GAY |

**JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiffs, including all of the Opt-In Plaintiffs, and Defendants Panda Restaurant Group, Inc. and Panda Express, Inc., (collectively, the "Parties"), by and through their respective counsel, hereby jointly move the Court to approve the Parties' settlement of this matter and dismiss the action with prejudice, and as grounds state:

### I.    INTRODUCTION

On January 26, 2009, Plaintiff Khan Kudo ("Khan") initiated the instant FLSA suit against Panda.  Khan and the 154 individuals who have filed consents to join and have opted in as plaintiffs to this suit (collectively "Plaintiffs")[1] claim that, while employed as General Managers (GMs), Panda misclassified them as exempt employees under the FLSA.  Defendants have denied all material allegations of the Complaint and maintain that they properly classified its GMs as exempt employees at all times. The Parties agree that the instant action involves

---

[1] There is a dispute as to the timeliness of certain opt-in plaintiffs.  The Parties have agreed to include those eight (8) individuals in the settlement.

disputed issues, including, *inter alia*, whether Plaintiffs, while employed as GMs, were properly classified as exempt employees.

On October 12, 2010, Plaintiffs' filed a motion for conditional certification and court-authorized notice pursuant to section 16(b) of the FLSA with respect to all GMs who worked for Panda Express nationwide, except for those GMs who worked in California. On June 3, 2011, Judge Seibel conditionally certified a collective consisting of the GMs working for Defendants outside of California, and authorized the issuance of notice to all such GMs employed by Defendants during the three year period prior to the mailing of the notice. Notice was sent and as stated above 155 individuals ultimately opted into the action. The consent forms signed by each of the Opt-Ins state that they agree to be bound by any approved settlement or judgment entered by the Court.

The proposed settlement is the product of serious, informed, arms-length negotiations with the assistance of an experienced wage and hour class action mediator, after significant discovery and motion practice. The case has been litigated for almost five-and-a-half years and was hotly contested throughout.

During the pendency of the litigation, the Plaintiffs' have engaged in settlement negotiations with both the Defendants' former and current counsel. In addition, current counsel participated in an all-day mediation on December 18, 2014 before mediator Ruth Raisfeld, Esq.. Through ongoing settlement discussions, the Parties have successfully come to an agreement to resolve this action. The Parties concur that the settlement agreement negotiated and reached by the Parties constitutes a reasonable compromise of all of the disputed issues raised or which

could have been raised by the Plaintiffs in this action. All Parties were counseled and represented by their respective attorneys throughout the settlement process. The Parties now seek Court approval of the Parties' Settlement Agreement, annexed hereto as **Exhibit "1."**[2]

## II.  FACTUAL BACKGROUND

The docket for this case contains 289 entries evidencing only some of the extensive work conducted in pursuing and defending the action, as a substantial amount of work undertaken by both sides is not necessarily reflected in the Court docket.

Investigation and discovery in this case was far-reaching, including, but not limited to, the production, review, analysis, and indexing of approximately 456,771 bates-numbered documents; Plaintiff's Counsel's pre-action and post-action in-depth interviews with Class Members and others; both Parties' preparation of multiple sets of interrogatories and response to same; both Parties' preparation of multiple sets of demands for documents and things and responses to same; and both Parties' preparation for and attendance at six depositions, including a Fed. R. Civ. P. 30(b)(6) deposition in California. For a more comprehensive description of the discovery conducted during the pendency of this action, *See* Accompanying Attorney Declarations of Sara Wyn Kane (**Exhibit 2**)[3] and Mary E. Brady Marzolla (**Exhibit 3**)[4] in Support of Joint Motion for Approval of Settlement.

---

[2] Exhibit 1: Settlement Agreement; Exhibit 1A: Notice to Class; Exhibit 1B: Claim Form and Release; Exhibit 1C: Reminder Card.

[3] Exhibit 2: Kane Declaration; Exhibit 2A: VKV Compilation of Time Records

[4] Exhibit 3: Marzolla Attorney Declaration; Exhibit 3A: FLM Summary of Hours Worked; 3B: FLM Billing Records; Exhibit 3C: Time Records of Morris Baller, Esq.; Exhibit 3D: Declaration of Russell M. Yankwitt, Esq.

Case No. 7:09-cv-00712-CS-GAY

Several meet and confer conferences, including one all-day in person meet and confer on January 21, 2014, were attended by both parties at defense counsel's offices in Manhattan. Other such meet and confer conferences between the Parties were held on April 26, 2012; August 6, 2012; November 8, 2012; November 28, 2012; January 31, 2013; February 27, 2013; and May 6, 2013 to further clarify on-going discovery matters.

Significant motion practice included the aforementioned motion to certify, various discovery and other necessary applications, including that which resulted in Judge Yanthis' Decision and Order dated April 15, 2010, as well as additional orders and/or endorsements from the Court dated April 28, 2010; November 12, 2010; June 3, 2011; July 5, 2011; July 26, 2011; October 14, 2011; January 12, 2012; May 22, 2012; and Judge Yanthis' Endorsement dated December 7, 2012. Such motion practice also included Defendants' opposed request to move for Leave to Amend the Answer, which the Court granted on June 14, 2013 after a pre-motion conference. The Amended Answer to the Complaint was filed on June 21, 2013.

Numerous Court appearances by both parties in this matter include the following: Initial Pretrial Conference before Your Honor on April 3, 2009; Conference before Your Honor on September 9, 2011;  Conference before the Hon. George A. Yanthis, U.S.M.J., on December 18, 2009; Discovery Hearing before Judge Yanthis on April 22, 2010;  Conference before Your Honor on March 26, 2010; Telephone Conferences before Judge Yanthis on August 6, 2012, November 8, 2012, November 28, 2012, January 31, 2013, February 27, 2013, May 6, 2013; and a Pre-Motion conference before Your Honor on June 14, 2013.

Case No. 7:09-cv-00712-CS-GAY

Ultimately, the parties agreed to attend mediation before private mediator, Ruth Raisfeld, Esq., on December 18, 2014. Prior to the mediation, each party prepared, exchanged, analyzed and submitted to the mediator a complete factual and legal analysis as to certification, merits and valuation of damages.

The proposed settlement was reached as a result of significant efforts by Ms. Raisfeld and both parties after an all-day mediation session lasting into the evening hours with vigorous back and forth as to a clear and actual dispute in this contested litigation.

### III.     MEMORANDUM OF LAW[5]

In the Southern District of New York, "it is not clear that judicial approval of an FLSA settlement is legally required." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013). However, once the parties seek judicial approval, "the district court 'must scrutinize the settlement agreement to determine that the settlement is fair and reasonable.'" *Id* quoting *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 335 (S.D.N.Y.2012) (citing cases); *accord Hernandez v. Tabak,* 2013 WL 1562803, at *1 (S.D.N.Y. Apr. 10, 2013). In order to determine whether a settlement meets the fair and reasonable standard, "the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id*. citing *Le v. SITA Info. Networking Computing USA, Inc.,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)

---

[5] In addition to the legal authority cited in this Joint Motion, Plaintiffs have provided additional authority in Plaintiffs' accompanying Memorandum of Law in Support of Joint Motion for Approval of Settlement.

Case No. 7:09-cv-00712-CS-GAY

(alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)).

## IV.    SETTLEMENT TERMS

The Settlement amount was agreed to through compromise by the Parties, and is based, in part, on Defendant's payroll records and the allegations made by Plaintiffs in discovery and in their Complaint.  The Maximum Gross Settlement Amount of $2,975,000.00 represents the maximum amount that Defendants will pay pursuant to the Settlement Agreement inclusive of Settlement Payments, Class Counsel Fees, Costs and Expenses, Service Payments and Settlement Expenses.  Defendants will pay an additional amount over and above the Maximum Gross Settlement Amount for the employer's portion of each collecting Plaintiff's payroll tax.  Each Plaintiff's damages will be individually calculated by the Claims Administrator based on the following formulas:

> The REVISED MAXIMUM GROSS SETTLEMENT AMOUNT shall be divided by the gross number of weeks of employment by all members of the SETTLEMENT CLASSES as a GM for DEFENDANTS outside of California between the date three years prior to the date that they filed a consent to join this litigation through and including the date the COURT enters its APPROVAL ORDER to establish a "per week" amount.  Each member of the SETTLEMENT CLASS shall be eligible to receive a potential SETTLEMENT PAYMENT in amount equal to the "per week" amount multiplied by the number of weeks that individual was employed by DEFENDANTS as a GM outside of California between the date three years prior to the date that they filed a consent to join this LITIGATION and the date and through and including the date the COURT enters its APPROVAL ORDER.  See Exhibit "1."

Case No. 7:09-cv-00712-CS-GAY

However, for the purposes of calculating Plaintiff's settlement payment, the Parties agree that the weeks used for that allocation will be based upon six years prior to the filing of the complaint, due to his individual NYLL claim.  There are several Opt-In Plaintiffs for whom there is a dispute between the Parties about whether they should be credited with any work weeks outside of California within three years prior to the date that they filed a consent to join this Litigation.  The parties have agreed that, with respect to those individuals, they will be assigned the lowest weeks number of any other Opt-in Plaintiff, and (2) the number of weeks assigned to them shall be added to the total number of weeks when calculating Settlement Payments for the Settlement Class. The total of all potential Settlement Payments shall not exceed the Revised Maximum Gross Settlement Amount.

Plaintiffs accept such sums because they are reasonable and fair in light of the bona fide dispute between the parties.

Additionally, the settlement provides for named Plaintiff Khan Kudo and pre-certification Opt-Ins, Norman Feng, Jeffrey Countryman, Cristina Lelesch, and Kiettisak Nachampassack to receive service payments in the amounts of $10,000 for Kudo and $5,000 each for Feng, Countryman, Lelesch and Nachampassack, to compensate them for their diligence, fortitude and involvement. Service payments are routinely approved in FLSA collective actions. "It is important to compensate plaintiffs for the time they spend and the risks they take." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 483 (S.D.N.Y. 2013) citing *Massiah v. MetroPlus Health Plan, Inc.,* No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012).  These individuals provided significant support to this litigation and assisted Plaintiffs' counsel materially with this

Case No. 7:09-cv-00712-CS-GAY

case. Plaintiff Kudo made significant contributions to the pre-action investigation and continued his efforts together with Opt-Ins Feng, Countryman, Lelesch, and Nachampassack during the pre-certification phase. Each of these Plaintiffs contributed substantial time and effort when they submitted to in-depth interviews, provided extensive documents and information, responded to interrogatory and discovery demands, and, traveled to and appeared at depositions at then defense counsel's New Jersey offices.  Other Courts have found payments of such amounts reasonable.

In light of the many significant disputed issues in connection with this misclassification claim, the Plaintiffs' likelihood of success on the merits is uncertain.  Despite such uncertainty, Plaintiffs are receiving the benefit of the extended statute of limitations.

Additionally, Plaintiffs' counsel is seeking 33.33% or $991,567.50 as attorney fees, costs and expenses, also subject to the Court's approval. *See* Accompanying Attorney Declarations of Sara Wyn Kane (**Exhibit 2**) and Mary E. Brady Marzolla (**Exhibit 3**) in Support of Joint Motion for Approval of Settlement.

Defendant agrees such fees and costs to be recovered by Plaintiffs' counsel are reasonable based on the time expended by Plaintiffs' counsel in this case and the fees incurred by Defendants in this case.

The Parties have designated Class Action Administration ("CAA") to serve as the Claims Administrator for the settlement process.  Defendants have provided CAA with an overview of the process and in turn received an estimate from CAA for the administration of the settlement,

Case No. 7:09-cv-00712-CS-GAY

which is less than $30,000.  At this time, the Parties do not have any reason to believe the costs of administration will exceed this amount.

## V.     CONCLUSION

The Parties' settlement is substantively fair and reasonable resolution reached only after arm's length negotiations involving vigorous back and forth by counsel intimately knowledgeable about the strengths and weaknesses of each parties' claims and defenses.

**WHEREFORE,** Plaintiffs and Defendant respectfully request this Court enter the Order submitted herein as **Exhibit 4** approving the Settlement Agreement, dismissing this action with prejudice, and for such other and further relief as this Court deems just and proper.

Dated this 2nd day of April, 2015.

Respectfully submitted,

| | |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| VALLI, KANE & VAGNINI LLP | LITTLER MENDELSON P.C |
| 600 Old Country Road, Suite 519 | 1150 17th Street, NW, Suite 900 |
| Garden City, NY 11530 | Washington, D.C. 20036 |
| Telephone: (516) 203-7180 | Telephone: (202) 789-3406 |
| Facsimile: (516) 706-0248 | Facsimile: (202) 478-2623 |
| By:    s/ Sara Wyn Kane | By:    s/ Joshua B. Waxman |
|          SARA WYN KANE |          JOSHUA B. WAXMAN |
|          skane@vkvlawyers.com |          JWaxman@littler.com |

FEERICK LYNCH MACCARTNEY, PLLC
96 South Broadway
South Nyack, NY 10960
Telephone: (845) 353-2000
Facsimile: (845) 353-2789

 By:    s/ Mary E. Marzolla
          MARY E. MARZOLLA
          mmarzolla@flmpllc.com