UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHAN KUDO, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PANDA RESTAURANT GROUP, INC., and PANDA EXPRESS, INC.,<br><br>Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 6/26/2015<br><br>CASE NO. 7:09-CV-00712-CS-GAY |

ORDER ON JOINT
MOTION FOR APPROVAL OF SETTLEMENT

This matter comes before the Court on the Parties' Joint Motion to Approve Settlement ("Joint Motion").

Plaintiff Khan Kudo ("Plaintiff") asserts claims in a lawsuit brought in the United States District Court for the Southern District of New York under the Fair Labor Standards Act ("FLSA") against Panda Restaurant Group, Inc. and Panda Express, Inc. (collectively, "Defendants" or "Panda") on behalf of himself and other individuals who had been employed by Defendants as General Manager's outside California ("GM") ("the Litigation"). The Court subsequently conditionally certified a collective action consisting of all individuals employed by Defendants as a GM outside of California. Following the mailing of notice to the conditionally certified collective, in addition to those who had already opted in, there were a total of 155 individuals who opted-in to the Litigation. Kudo has dismissed his Rule 23 NYLL class claims with prejudice.

The Parties jointly seek approval of the settlement of the Litigation and have requested that the Court enter an Order: (i) asserting jurisdiction over the implementation and administration of the parties' Stipulation and Settlement Agreement ("Settlement Agreement"); (ii) adjudging the terms of the Stipulation and Settlement Agreement to be adequate, fair, and reasonable and in the best interests of Plaintiff, and members of the Settlement Classes, and directing consummation of its terms and provisions; (iii) appointing Khan Kudo as "Plaintiff," who together with Class Counsel, shall be authorized to act on behalf of all members of the Settlement Class with respect to the Litigation and the Settlement Agreement; (iv) appointing Class Action Administration, Inc. ("CAA") as the Parties' Claims Administrator; (v) approving the form and content, and authorizing distribution of the Settlement Notice (Exhibit 1A annexed to the Joint Motion) and Claim Form Package (Exhibit 1B annexed to the Joint Motion) and authorizing the first-class mailing of the Settlement Notice and Claim Form Packages to all members of the Settlement Class; (vi) appointing Plaintiffs' Counsel as Class Counsel for the Settlement Class pursuant to Section 216(b) of the FLSA; (vii) setting a forty-five (45) calendar day deadline for the execution and return of Claim Form Packages; (viii) granting Final Judgment; (ix) approving Class Counsel's application for an award of Class Counsel's fees, costs and expenses; (x) approving Service Payment to Plaintiff and Initial Opt-ins; and (xi) dismissing the Litigation on the merits and with prejudice and permanently enjoining all members of the Settlement Class from prosecuting against Defendants and Released Persons any Released Claims.

Having reviewed and considered the Settlement Agreement and accompanying exhibits; the Parties' Joint Motion to Approve Settlement; the Memorandum of Law and Plaintiffs' Counsel's declarations filed in support of approval of the settlement, service awards and attorneys' fees; and having heard and considered the argument of counsel, the Court makes the findings and

grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order, approving the form, content and authorizing distribution of the Settlement Notice and Claim Form Package, approving Settlement Agreement and dismissing with prejudice all claims and actions in this case. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

### ORDER AUTHORIZING NOTICE OF THE SETTLEMENT AGREEMENT

1. The Court has jurisdiction over the claims alleged in the Litigation and the Parties in the Litigation, including all members of the Settlement Classes, pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b). The Court also has jurisdiction over the implementation and administration of the Parties' Settlement Agreement.

2. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate.

3. For the purposes of settlement only, the Court appoints Sara Wyn Kane, Robert J. Valli, Jr., and James A. Vagnini of VALLI KANE & VAGNINI LLP and Mary Elizabeth Brady Marzolla and J. David MacCartney, Jr., of FEERICK LYNCH, MACCARTNEY, PLLC as "Class Counsel" pursuant to Section 216(b) of the FLSA for the Settlement Class. Class Counsel have extensive knowledge in litigating wage and hour collective and class actions such as this, are familiar with the complex factual and legal questions at issue in this Litigation, and have and will continue to adequately represent the Plaintiffs and members of the Settlement Class in a comprehensive and vigorous manner.

4. For the purposes of settlement only, the Court appoints Khan Kudo as "Plaintiff," as the term is defined in the Settlement Agreement. Plaintiff, together with Class Counsel, is hereby

authorized to act on behalf of all members of the Settlement Class, including all Opt-Ins, with respect to the Litigation and the Settlement Agreement.

### APPROVING FORM, CONTENT, AND AUTHORIZING DISTRIBUTION OF SETTLEMENT NOTICE AND CLAIM FORM PACKAGE

5. The Court approves as to form and content the Settlement Notice (Exhibit 1A to the Settlement Agreement as annexed in the Joint Motion) and Claim Form Package (Exhibit 1B to the Settlement Agreement as annexed in the Joint Motion), and authorizes distribution of the same. The proposed Settlement Notice clearly and accurately describes the nature of the Litigation, which individuals are authorized to participate in the Settlement, and the Plaintiff's claims and Defendants' defenses. It also fairly describes the claims to be released by the Settlement Class. The Settlement Notice apprises members of the Settlement Class of their options under the Settlement Agreement. It also apprises members of the Settlement Class that, upon approval of the Settlement, the Court entered an Order permanently enjoining all members of the Settlement Class from pursuing any claims that are released under the Agreement.

6. The Court further finds that the distribution of the Settlement Notice and Claim Form Package set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of applicable law, and due process.

7. Members of the Settlement Class who wish to participate in the settlement shall send to the Claims Administrator a Claim Form Package so that it is received by the Claims Administrator on or before forty-five (45) calendar days after the Settlement Notice and Claim Form Package are post-marked to members of the Settlement Class. The Claim Form Package must be completed in accordance with the instructions in the Claim Form Package, and comply with the requirements set forth in the Settlement Notice. All members of the Settlement Class who

fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement. All Opt-in Plaintiffs who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement and their FLSA claims shall be dismissed with prejudice as of the date of the Court's entry of this Approval Order.

8. The Court approves and appoints CAA as the Claims Administrator, who shall administer the distribution of the Settlement Notice and Claims Forms, as set forth in the Settlement Agreement in Section III.I.

9. The Court authorizes the distribution of the proposed Settlement Notice and Claim Form Packages by first-class U.S. mail to members of the Settlement Class by adopting the following schedule:

| Deadline | Event |
|---|---|
| Approximately Fifty One (51) days after entry of Order Approving Settlement: | Mailing of Settlement Notice and Claim Form Packages. |
| Forty-Five (45) calendar days after postmark date of Settlement Notice and Claim Form Packages: | Last day for members of the Settlement Class to qualify as an "Authorized Claimant" by timely filing Claim Form Package. Claims Administrator must receive Claim Form Package on or before forty-five (45) calendar days after mailing date of Settlement Notice and Claim Form Packages. |
| Within seven (7) calendar days of the Claims Administrator providing the Final Settlement Amounts to Class Counsel and Defendant's Counsel (as defined in the Settlement Agreement): | Defendants will deliver the Final Settlement Amounts to the Claims Administrator equal to the Maximum Gross Settlement Amount and funds to pay Employer owed taxes (as defined the Settlement Agreement). |
| Within fourteen (14) calendar days of the Claims Administrator providing the Final Settlement Amounts to Class Counsel and Defendant's Counsel (as defined in the Settlement Agreement): | Qualified members of the Settlement Classes ("Authorized Claimants") shall be mailed a Settlement Payment (as set forth more fully in the Settlement Agreement) and all members of the Final Settlement Classes will be mailed a copy of the Final Approval Order. |

| One hundred twenty (120) calendar days from the date on which the Final Settlement Payments are mailed: | Last day for qualified members of the Settlement Class who were mailed a Settlement Payment to negotiate settlement check (as set forth more fully in the Settlement Agreement). |

## APPROVING SETTLEMENT AGREEMENT AND DISMISSING WITH PREJUDICE ALL CLAIMS AND ACTIONS IN THIS CASE

10. Based upon the findings above, the Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to all members of the Settlement Class and the Opt-Ins. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

11. In accordance with the Settlement Agreement, Defendants shall provide funds to the Claims Administrator so that the SETTLEMENT PAYMENTS for AUTHORIZED CLAIMANTS are mailed within fourteen (14) calendar days of the Claims Administrator providing the Final Settlement Amounts to Class Counsel and Defendant's Counsel (as defined in the Settlement Agreement).

12. Class Counsel's application for the payment of the reasonable fees, costs and expenses of the Claims Administrator is approved and Class Counsel shall be awarded thirty-three and one-third (33 1/3%) percent of the Maximum Gross Settlement Amount ($2,975,000.00) for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims

Administrator shall provide payment of these attorneys' fees, costs and expenses to Class Counsel within fourteen (14) calendar days of the Claims Administrator providing the Final Settlement Amounts to Class Counsel and Defendant's Counsel (as defined in the Settlement Agreement).

13. Service Payments, as set forth in Section III.E of the Settlement Agreement, are approved for Plaintiff and Initial Opt-in Plaintiffs, both in satisfaction of their claims asserted in the LITIGATION as well as due to their performance of substantial services for the benefit of the Opt-Ins and the Settlement Class. Such awards are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement within fourteen (14) calendar days of the Claims Administrator providing the Final Settlement Amounts to Class Counsel and Defendant's Counsel (as defined in the Settlement Agreement).

14. The Court finds and determines that the payments to be made to the Opt-Ins, as provided in the Settlement Agreement are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who submitted valid timely Claim Forms and W-9 Forms in accordance with the Settlement Agreement and whose Claim Forms were approved by the Claims Administrator.

15. This Court hereby dismisses all claims released in the Settlement Agreement of the Parties on the merits and with prejudice ("RELEASED CLAIMS" as defined in the Settlement Agreement) and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

16. All Opt-ins who timely filed a Claim Form and W-9 Form (member of the "SETTLEMENT CLASS") and the RELEASING PERSONS as defined in the SETTLEMENT AGREEMENT hereby release and are barred and permanently enjoined from prosecuting,

commencing or continuing any and all claims as set forth in Section III.F of the SETTLEMENT AGREEMENT against RELEASED PERSONS as defined in the SETTLEMENT AGREEMENT.

17. The FLSA claims of any Opt-In who does not timely submit a Claim Form and W-9 Form are hereby dismissed with prejudice as of the date of this Order.

18. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

DONE AND ORDERED, this 26th day of June, 2015.

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE